**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**AUG 29 2002**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

AUGUSTIN SOLA EKPETI,

      Defendant - Appellant.

No. 02-7047

(D.C. Nos. 01-CV-640-S,
CR-99-41-S)

(E.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This is a pro se § 2255 prisoner appeal. Mr. Ekpeti was convicted of eleven counts of interstate transportation of stolen vehicles. He was sentenced to concurrent twenty-one month terms of imprisonment and concurrent three-year

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

terms of supervised release. He was ordered to pay $101,136.75 in restitution and a special assessment of $1,100. We affirmed his sentence and conviction on direct appeal. United States v. Ekpeti, No. 00-7122, 2001 WL 491153 (10th Cir. May 9, 2001).

In his § 2255 motion, Mr. Ekpeti claimed Miranda violation, ineffective assistance of counsel, Brady violation, and newly discovered evidence. The district court denied the § 2255 motion holding that the first and third claims were procedurally barred absent cause and prejudice. It further held that the ineffective assistance of counsel claim was without merit and that Mr. Ekpeti's newly discovered evidence would not support a probability of acquittal had it been introduced at trial. Mr. Ekpeti applied to this court for a certificate of appealability.

In order for this court to grant a certificate of appealability, Appellant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, Petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

We have carefully reviewed Mr. Ekpeti's brief, the district court's

disposition, and the record on appeal. Nothing in the facts, the record on appeal, or Appellant's brief raises an issue which meets our standards for the grant of a certificate of appealability. For substantially the same reasons as set forth by the district court in its Order of March 15, 2002, we cannot say that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." Id.

We **DENY** Appellant's request for a certificate of appealability and **DISMISS** the appeal. Appellant's Motion to "augment all records" is **DENIED**. Appellant's Motion to reconsider denial of his second request for appointment of counsel is **DENIED**.

Entered for the Court

Monroe G. McKay
Circuit Judge